UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

Michael John William Brennan and                    Case No. 13-41031
Krysti Noel Brennan, f/k/a Krysti
Noel Andrews,                                       Hon. Phillip J. Shefferly

     Debtors.
_____/

### ORDER DENYING DEBTORS' MOTION TO APPROVE LOAN MODIFICATION

On January 18, 2013, the Debtors filed this case under Chapter 7. On March 27, 2013, the Debtors filed a "Motion to Approve Mortgage Loan Modification with Creditor, Ocwen Loan Servicing, LLC" (ECF No. 21). The Debtors' motion alleges that Ocwen has offered the Debtors a trial loan modification, and that one of the conditions it has established for approval of a permanent mortgage loan modification is Bankruptcy Court approval.

The Debtors' motion does not cite to any Bankruptcy Code section or other authority for the Court to grant the relief requested in the motion. The Debtors' motion does not explain why either the Debtors or Ocwen believe that this Court's approval is required for the Debtors to enter into the loan modification. The Debtors' motion also does not explain what criteria the Court would apply to determine whether or not to grant the Debtors' requested relief. The Debtors are not asking the Court for permission to reaffirm a pre-petition debt, the procedure for which is set forth in § 524 of the Bankruptcy Code, but instead are requesting only that the Court "approve" the Debtors' proposed loan modification.

This is a Chapter 7 case, not a Chapter 13 case. The Debtors do not need this Court to "approve" a post-petition mortgage loan modification in a Chapter 7 case, nor is there any authority in the Bankruptcy Code for the Court to do so in Chapter 7. The Debtors are free to either enter into a post-petition mortgage loan modification or not, irrespective of any decision by this Court to approve or disapprove. Although the Court cannot grant the relief requested by the Debtors in their motion, in the interest of clarity, the Court will make clear in this order that the automatic stay of § 362 is modified to permit the Debtors to enter into a loan modification with Ocwen if they wish to do so, and need not obtain any further approval or authorization to do so from this Court unless the Debtors wish to reaffirm a pre-petition debt, in which case they must comply with § 542 of the Bankruptcy Code. Accordingly,

**It Is Hereby Ordered** that the Debtors' motion to approve loan modification agreement (ECF No. 21) is denied without prejudice to the Debtors' and Ocwen's right to enter into a loan modification regarding the mortgage loan on the Debtors' residence.

**It Is Further Ordered** that the automatic stay of § 362 is modified to permit the Debtors to enter into a loan modification agreement with Ocwen if they choose to do so.

.

**Signed on April 19, 2013**

                                          **/s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**